

**DINGEMAN DANCER
& CHRISTOPHERSON PLC**

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

JONATHAN BUHLAND,

        Plaintiff,

                          File No.: _____

v                           Hon.

FEDERAL CARTRIDGE COMPANY, INC.,
PALMETTO STATE ARMORY, LLC,
BLACKTHORNE PRODUCTS, LLC, and
DPMS FIREARMS, LLC,

        Defendants.

---

Mark R. Dancer (P47614)
Brace E. Kern (P75695)
Dingeman, Dancer & Christopherson, PLC
Attorneys for Plaintiff
100 Park Street
Traverse City, MI  49686
MDancer@ddc-law.com
BKern@ddc-law.com
(231) 929-0500

---

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this complaint.*

## COMPLAINT & JURY DEMAND

      NOW COMES Plaintiff, JONATHAN BUHLAND, by and through his attorneys, Dingeman, Dancer & Christopherson, PLC, for his Complaint against Defendants FEDERAL CARTRIDGE COMPANY, INC., PALMETTO STATE ARMORY, LLC, BLACKTHORNE PRODUCTS, LLC, and DPMS FIREARMS, LLC, states as follows:

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

## VENUE AND JURISDICTION

1.      The personal injury that forms the subject matter of this lawsuit arose from an incident that occurred on June 6, 2011, in a field adjacent to Cemetery Road, in the Township of Clearwater, County of Kalkaska, State of Michigan.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. § 1332 (a)(1) because this action is between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

## THE PARTIES

3.      Plaintiff JONATHAN BUHLAND (hereinafter, "Mr. BUHLAND") is an individual who resides at 3005 Westwood Road, in the village of Mancelona, County of Antrim, State of Michigan.

4.      Defendant FEDERAL CARTRIDGE COMPANY (hereinafter, "CARTRIDGE") is a domestic corporation that operates a business in, and whose registered office is located in Minneapolis, Minnesota.

5.      At all times mentioned in this Complaint, defendant CARTRIDGE was engaged in the design, development, testing, manufacture, assembly, inspection, investigation, packaging, repair, labeling, marketing, promotion, advertising, sale and distribution of ammunition known as American Eagle, BMG, 50 Caliber, 660 Grain Full Metal Jacket, XM33C, 10 Centerfire Rifle Cartridges (hereinafter, the "Ammunition").

6.      Defendant PALMETTO STATE ARMORY, LLC (hereinafter, "ARMORY") is a limited liability company that operates a business in, and whose registered office is located in Columbia, South Carolina.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

7.    At all times mentioned in this Complaint, defendant ARMORY was engaged in the inspection, investigation, repair, promotion, advertising, labeling, sale and distribution of said Ammunition.

8.    Defendant BLACKTHORNE PRODUCTS, LLC (hereinafter, "BLACKTHORNE") is a limited liability company that operates a business in, and whose registered office is located in Inver Grove Heights, Minnesota.

9.    At all times mentioned in this Complaint, BLACKTHORNE was engaged in the design, development, testing, manufacture, assembly, inspection, investigation, repair, packaging, labeling, marketing, promotion, advertising, sale and distribution of firearms and firearm components including the AR 50 Caliber BMG upper (hereinafter, the "50 Caliber Upper").

10.    Defendant DPMS FIREARMS, LLC (hereinafter, "DPMS") is a limited liability company that operates a business in, and whose registered office is located in St. Cloud, Minnesota.

11.    At all times mentioned in this Complaint, DPMS was engaged in the design, development, testing, manufacture, assembly, inspection, investigation, repair, packaging, labeling, marketing, promotion, advertising, sale and distribution of firearms and firearm components including the standard Mil Spec AR15 Lower (hereinafter, the "AR 15 Lower").

<u>**GENERAL ALLEGATIONS**</u>

12.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 11 as though fully set forth herein.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

13.    On June 6, 2011, Mr. Thomas Becker (hereinafter, "Mr. Becker") was the owner of the Ammunition that exploded in Mr. BUHLAND's face.

14.    At a time unknown to Plaintiff, Mr. Becker purchased the Ammunition from Defendant ARMORY.

15.    At a time and place unknown to Plaintiff, the Ammunition was manufactured by Defendant CARTRIDGE.

16.    On June 6, 2011, Mr. Becker was the owner of the firearm (hereinafter, the "Gun") that exploded in Mr. BUHLAND's face.

17.    At the time the Gun exploded, it contained the AR15 Lower.

18.    At a time and place unknown to Plaintiff, Mr. Becker purchased the AR15 Lower in Tampa, Florida.

19.    At a time and place unknown to Plaintiff, the AR15 Lower was manufactured by Defendant DPMS.

20.    At the time the Gun exploded, it contained the 50 Caliber Upper.

21.    On or about May 5, 2011, Mr. Becker purchased the 50 Caliber Upper online from GunBroker.com.

22.    At a time and place unknown to Plaintiff, the 50 Caliber Upper was manufactured by Defendant BLACKTHORNE.

23.    Upon receipt of the 50 Caliber Upper, Mr. Becker observed that no instruction manual was contained in the packaging box.

24.    On June 6, 2011, Mr. Becker took the Gun and Ammunition into a field adjacent to Cemetery Road, in the Township of Clearwater, County of Kalkaska, State of Michigan.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

25. On June 6, 2011, Mr. Becker permitted Mr. BUHLAND to fire the Ammunition from the Gun.

26. On June 6, 2011, the Gun exploded in Mr. BUHLAND's face when the Ammunition was being chambered.

27. As a direct and proximate result of the exploding Gun and Ammunition, Mr. BUHLAND suffered serious, painful and permanently disabling and disfiguring injuries including, but not limited to, surgical removal of shrapnel from the right arm, a large chin laceration that required six (6) sutures, possible mandibular nerve injury, and lacerations and abrasions to his face, neck, chest, arms and hands.

28. As a direct and proximate result of the exploding Gun and Ammunition, Mr. BUHLAND has suffered physical pain and mental anguish, has sustained physical and mental impairment, and has incurred medical expenses and lost wages.

29. As a direct and proximate result of the exploding Gun and Ammunition, Mr. BUHLAND will continue to have physical pain and mental anguish, permanent physical and mental impairment, medical expenses, and loss of earning capacity for the remainder of his natural life.

### COUNT I – NEGLIGENCE
*(Against Defendant CARTRIDGE)*

30. Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 29 as though fully set forth herein.

31. As manufacturer of the American Eagle, BMG, 50 Caliber, 660 Grain Full Metal Jacket, XM33C, 10 Centerfire Rifle Cartridges, Defendant CARTRIDGE owed Mr. BUHLAND a duty to exercise reasonable care in the design,

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com

5



DINGEMAN DANCER
& CHRISTOPHERSON PLC

development, testing, manufacture, assembly, inspection, investigation, packaging, repair, labeling, marketing, promotion, advertising, sale and distribution of the Ammunition including, but not limited to, a duty to eliminate unreasonable risks of foreseeable injury.

32.     Defendant CARTRIDGE negligently designed, tested, developed, manufactured, assembled, inspected, investigated, repaired, packaged, labeled, marketed, promoted, advertised, sold and distributed the Ammunition.

33.     Defendant CARTRIDGE negligently failed to warn, or instruct, or adequately warn, or adequately instruct of the dangerous and defective properties of the Ammunition.

34.     Defendant CARTRIDGE negligently failed to conduct an adequate investigation, recall or retrofit program with respect to the Ammunition.

35.     Defendant CARTRIDGE negligently investigated, advised, instructed, guided and entrusted repair of the Ammunition's defects.

36.     While Mr. BUHLAND was using the Ammunition for its intended purpose, the Ammunition exploded as it was being chambered.

37.     As a direct and proximate result of the carelessness and negligence of Defendant CARTRIDGE, Mr. BUHLAND has sustained severe and permanent injuries and been damaged in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

>        (a)     Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

(b)    Economic loss including lost earning capacity and impaired earning capacity;

(c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)    Emotional distress, mental anguish, fright and shock;

(e)    Loss of enjoyment of life and embarrassment;

(f)    Humiliation, sense of outrage and indignity;

(g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)    Any other and further relief that this Court deems just and proper.

### COUNT II – NEGLIGENCE
*(Against Defendant ARMORY)*

38.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 37 as though fully set forth herein.

39.    As seller of the Ammunition, Defendant ARMORY owed Mr. BUHLAND a duty to exercise reasonable care in the inspection, investigation, repair, promotion, advertising, labeling, sale and distribution of the Ammunition including, but not limited to, a duty to eliminate unreasonable risks of foreseeable injury.

40.    Defendant ARMORY negligently inspected, investigated, repaired, promoted, advertised, sold and distributed the Ammunition.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

41.     Defendant ARMORY negligently failed to warn, or instruct, or adequately warn, or adequately instruct of the dangerous and defective properties of the Ammunition.

42.     Defendant ARMORY negligently failed to conduct an adequate investigation, recall or retrofit program with respect to the Ammunition.

43.     While Mr. BUHLAND was using the Ammunition for its intended purpose, the Ammunition exploded as it was being chambered.

44.     As a direct and proximate result of the carelessness and negligence of Defendant ARMORY, Mr. BUHLAND has sustained severe and permanent injuries and been damaged in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a)     Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)     Economic loss including lost earning capacity and impaired earning capacity;

(c)     Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)     Emotional distress, mental anguish, fright and shock;

(e)     Loss of enjoyment of life and embarrassment;

(f)     Humiliation, sense of outrage and indignity;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON P.C.

(g)     Other damages, injuries and consequences that are not
        yet ascertained or that may occur in the future; and

(h)     Any other and further relief that this Court deems just and
        proper.

### COUNT III – NEGLIGENCE
*(Against Defendant BLACKTHORNE)*

45.     Plaintiff adopts by reference each and every allegation set forth in
paragraphs 1 through 44 as though fully set forth herein.

46.     As manufacturer of the AR 50 Caliber BMG upper, Defendant
BLACKTHORNE owed Mr. BUHLAND a duty to exercise reasonable care in the
design, development, testing, manufacture, assembly, inspection, investigation,
repair, packaging, labeling, marketing, promotion, advertising, sale and distribution of
the 50 Caliber Upper including, but not limited to, a duty to eliminate unreasonable
risks of foreseeable injury.

47.     Defendant BLACKTHORNE negligently designed, tested,
developed, manufactured, assembled, inspected, investigated, repaired, packaged,
labeled, marketed, promoted, advertised, sold and distributed the 50 Caliber Upper.

48.     Defendant BLACKTHORNE negligently failed to warn, or instruct,
or adequately warn, or adequately instruct of the dangerous and defective properties
of the 50 Caliber Upper.

49.     Defendant BLACKTHORNE negligently failed to conduct an
adequate investigation, recall or retrofit program with respect to the 50 Caliber Upper.

50.     Defendant BLACKTHORNE negligently investigated, advised,
instructed, guided and entrusted repair of the Gun's defects.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

51.     While Mr. BUHLAND was using the 50 Caliber Upper for its intended purpose, the 50 Caliber Upper exploded as the Ammunition was being chambered.

52.     As a direct and proximate result of the carelessness and negligence of Defendant BLACKTHORNE, Mr. BUHLAND has sustained severe and permanent injuries and been damaged in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a)     Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)     Economic loss including lost earning capacity and impaired earning capacity;

(c)     Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)     Emotional distress, mental anguish, fright and shock;

(e)     Loss of enjoyment of life and embarrassment;

(f)     Humiliation, sense of outrage and indignity;

(g)     Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)     Any other and further relief that this Court deems just and proper.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON P.C.

### COUNT IV – NEGLIGENCE
*(Against Defendant DPMS)*

53.     Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 52 as though fully set forth herein.

54.     As manufacturer of the standard Mil Spec AR15 Lower, Defendant DPMS owed Mr. BUHLAND a duty to exercise reasonable care in the design, development, testing, manufacture, assembly, inspection, investigation, repair, packaging, labeling, marketing, promotion, advertising, sale and distribution of the AR 15 Lower including, but not limited to, a duty to eliminate unreasonable risks of foreseeable injury.

55.     Defendant DPMS negligently designed, tested, developed, manufactured, assembled, inspected, investigated, repaired, packaged, labeled, marketed, promoted, advertised, sold and distributed the AR 15 Lower.

56.     Defendant DPMS negligently failed to warn, or instruct, or adequately warn, or adequately instruct of the dangerous and defective properties of the AR 15 Lower.

57.     Defendant DPMS negligently failed to conduct an adequate investigation, recall or retrofit program with respect to the AR 15 Lower.

58.     Defendant DPMS negligently investigated, advised, instructed, guided and entrusted repair of the Gun's defects.

59.     While Mr. BUHLAND was using the AR 15 Lower for its intended purpose, the AR 15 Lower exploded as the Ammunition was being chambered.

60.     As a direct and proximate result of the carelessness and negligence of Defendant DPMS, Mr. BUHLAND has sustained severe and permanent

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504
www.ddc-law.com



**DINGEMAN DANCER & CHRISTOPHERSON** PLC

injuries and been damaged in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

    (a)    Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

    (b)    Economic loss including lost earning capacity and impaired earning capacity;

    (c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

    (d)    Emotional distress, mental anguish, fright and shock;

    (e)    Loss of enjoyment of life and embarrassment;

    (f)    Humiliation, sense of outrage and indignity;

    (g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

    (h)    Any other and further relief that this Court deems just and proper.

## COUNT V – STRICT LIABILITY
### (*Against Defendant CARTRIDGE*)

61.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 60 as though fully set forth herein.

62.    Defendant CARTRIDGE placed into the stream of commerce the Ammunition that was in a defective condition and unreasonably dangerous when put to its intended or foreseeable use.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

63.     At the time that Defendant CARTRIDGE designed, developed, tested, manufactured, assembled, inspected, investigated, packaged, repaired, labeled, marketed, promoted, advertised, sold, distributed and introduced into the stream of commerce the Ammunition, Defendant CARTRIDGE knew, or should have known, that users of the Ammunition would not inspect it for defects, or the defects were such that a user of the Ammunition could not have discovered them even with a reasonable inspection.

64.     The Ammunition reached MR. BUHLAND without significant change from the condition in which it was sold by Defendant CARTRIDGE.

65.     Mr. BUHLAND was a foreseeable user of the Ammunition.

66.     While Mr. BUHLAND was using the Ammunition in accordance with Defendant CARTRIDGE's instructions, the Ammunition exploded as it was being chambered.

67.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Ammunition, including the absence of appropriate warnings and instruction, Mr. BUHLAND suffered the injuries described hereinabove.

68.     As a direct and proximate result of the defective and unreasonably dangerous condition of the Ammunition, Defendant CATRIDGE is strictly liable to Mr. BUHLAND for damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a)     Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com

13



DINGEMAN DANCER
& CHRISTOPHERSON pllc

(b)    Economic loss including lost earning capacity and impaired earning capacity;

(c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)    Emotional distress, mental anguish, fright and shock;

(e)    Loss of enjoyment of life and embarrassment;

(f)    Humiliation, sense of outrage and indignity;

(g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)    Any other and further relief that this Court deems just and proper.

### COUNT VI – STRICT LIABILITY
### (*Against Defendant ARMORY*)

69.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 68 as though fully set forth herein.

70.    Defendant ARMORY placed into the stream of commerce the Ammunition that was in a defective condition and unreasonably dangerous when put to its intended or foreseeable use.

71.    At the time that Defendant ARMORY inspected, investigated, repaired, promoted, advertised, labeled, sold, distributed and introduced into the stream of commerce the Ammunition, Defendant ARMORY knew, or should have known, that users of the Ammunition would not inspect it for defects, or the defects

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com

14



**DINGEMAN DANCER & CHRISTOPHERSON** P.C.

were such that a user of the Ammunition could not have discovered them even with a reasonable inspection.

72. The Ammunition reached MR. BUHLAND without significant change from the condition in which it was sold by Defendant ARMORY.

73. Mr. BUHLAND was a foreseeable user of the Ammunition.

74. While Mr. BUHLAND was using the Ammunition in accordance with Defendant ARMORY's instructions, the Ammunition exploded as it was being chambered.

75. As a direct and proximate result of the defective and unreasonably dangerous condition of the Ammunition, including the absence of appropriate warnings and instruction, Mr. BUHLAND suffered the injuries described hereinabove.

76. As a direct and proximate result of the defective and unreasonably dangerous condition of the Ammunition, Defendant ARMORY is strictly liable to Mr. BUHLAND for damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a) Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b) Economic loss including lost earning capacity and impaired earning capacity;

(c) Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



**DINGEMAN DANCER
& CHRISTOPHERSON**PLC

disfiguring injuries to his face, neck, chest, arms and

hands;

(d)    Emotional distress, mental anguish, fright and shock;

(e)    Loss of enjoyment of life and embarrassment;

(f)    Humiliation, sense of outrage and indignity;

(g)    Other damages, injuries and consequences that are not

yet ascertained or that may occur in the future; and

(h)    Any other and further relief that this Court deems just and

proper.

### COUNT VII – STRICT LIABILITY
(*Against Defendant BLACKTHORNE*)

77.    Plaintiff adopts by reference each and every allegation set forth in

paragraphs 1 through 76 as though fully set forth herein.

78.    Defendant BLACKTHORNE placed into the stream of commerce

the 50 Caliber Upper that was in a defective condition and unreasonably dangerous

when put to its intended or foreseeable use.

79.    At the time Defendant BLACKTHORNE designed, tested,

developed, manufactured, assembled, inspected, investigated, repaired, packaged,

labeled, marketed, promoted, advertised, sold, distributed and introduced into the

stream of commerce the 50 Caliber Upper, Defendant BLACKTHORNE knew, or

should have known, that users of the 50 Caliber Upper would not inspect it for

defects, or the defects were such that a user of the 50 Caliber Upper could not have

discovered them even with a reasonable inspection.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com



**DINGEMAN DANCER & CHRISTOPHERSON**<sub>P.C.</sub>

80.     The 50 Caliber Upper reached MR. BUHLAND without significant change from the condition in which it was sold by Defendant BLACKTHORNE.

81.     Mr. BUHLAND was a foreseeable user of the 50 Caliber Upper.

82.     While Mr. BUHLAND was using the 50 Caliber Upper in accordance with Defendant BLACKTHORNE's instructions, the 50 Caliber Upper exploded as the Ammunition was being chambered.

83.     As a direct and proximate result of the defective and unreasonably dangerous condition of the 50 Caliber Upper, including the absence of appropriate warnings and instruction, Mr. BUHLAND suffered the injuries described hereinabove.

84.     As a direct and proximate result of the defective and unreasonably dangerous condition of the 50 Caliber Upper, Defendant BLACKTHORNE is strictly liable to Mr. BUHLAND for damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a)     Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)     Economic loss including lost earning capacity and impaired earning capacity;

(c)     Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com

17



DINGEMAN DANCER
& CHRISTOPHERSON P.C.

(d)    Emotional distress, mental anguish, fright and shock;

(e)    Loss of enjoyment of life and embarrassment;

(f)    Humiliation, sense of outrage and indignity;

(g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)    Any other and further relief that this Court deems just and proper.

### COUNT VIII – STRICT LIABILITY
*(Against Defendant DPMS)*

85.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 84 as though fully set forth herein.

86.    Defendant DPMS placed into the stream of commerce the AR 15 Lower that was in a defective condition and unreasonably dangerous when put to its intended or foreseeable use.

87.    At the time Defendant DPMS designed, tested, developed, manufactured, assembled, inspected, investigated, repaired, packaged, labeled, marketed, promoted, advertised, sold, distributed and introduced into the stream of commerce the AR 15 Lower, Defendant DPMS knew, or should have known, that users of the AR 15 Lower would not inspect it for defects, or the defects were such that a user of the AR 15 Lower could not have discovered them even with a reasonable inspection.

88.    The AR 15 Lower reached MR. BUHLAND without significant change from the condition in which it was sold by Defendant DPMS.

89.    Mr. BUHLAND was a foreseeable user of the AR 15 Lower.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

90.    While Mr. BUHLAND was using the AR 15 Lower in accordance with Defendant DPMS's instructions, the AR 15 Lower exploded as the Ammunition was being chambered.

91.    As a direct and proximate result of the defective and unreasonably dangerous condition of the AR 15 Lower, including the absence of appropriate warnings and instruction, Mr. BUHLAND suffered the injuries described hereinabove.

92.    As a direct and proximate result of the defective and unreasonably dangerous condition of the AR 15 Lower, Defendant DPMS is strictly liable to Mr. BUHLAND for damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

 (a) Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

 (b) Economic loss including lost earning capacity and impaired earning capacity;

 (c) Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

 (d) Emotional distress, mental anguish, fright and shock;

 (e) Loss of enjoyment of life and embarrassment;

 (f) Humiliation, sense of outrage and indignity;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

    (g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

    (h)    Any other and further relief that this Court deems just and proper.

## COUNT IX – BREACH OF IMPLIED WARRANTY
### (*Against Defendant CARTRIDGE*)

93.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 92 as though fully set forth herein.

94.    By selling or offering the Ammunition for sale, Defendant CARTRIDGE impliedly warranted that the Ammunition was of merchantable quality, fit for its intended use, and safe to persons, including Mr. BUHLAND, foreseeably affected by its use.

95.    The Ammunition was used at all times material hereto without significant change from the condition in which it was sold by Defendant CARTRIGE despite the fact that it was not fit for its intended purpose and was not safe for foreseeable users.

96.    While Mr. BUHLAND was using the Ammunition in accordance with Defendant CARTRIDGE's instructions, the Ammunition exploded as it was being chambered.

97.    As a direct and proximate result of the breach of the implied warranties by Defendant CARTRIDGE, Mr. BUHLAND sustained damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON<sub>PLC</sub>

(a)    Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)    Economic loss including lost earning capacity and impaired earning capacity;

(c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)    Emotional distress, mental anguish, fright and shock;

(e)    Loss of enjoyment of life and embarrassment;

(f)    Humiliation, sense of outrage and indignity;

(g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)    Any other and further relief that this Court deems just and proper.

## COUNT X – BREACH OF IMPLIED WARRANTY
*(Against Defendant ARMORY)*

98.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 97 as though fully set forth herein.

99.    By selling or offering the Ammunition for sale, Defendant ARMORY impliedly warranted that the Ammunition was of merchantable quality, fit for its intended use, and safe to persons, including Mr. BUHLAND, foreseeably affected by its use.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

100.    The Ammunition was used at all times material hereto without significant change from the condition in which it was sold by Defendant ARMORY despite the fact that it was not fit for its intended purpose and was not safe for foreseeable users.

101.    While Mr. BUHLAND was using the Ammunition in accordance with Defendant ARMORY's instructions, the Ammunition exploded as it was being chambered.

102.    As a direct and proximate result of the breach of the implied warranties by Defendant ARMORY, Mr. BUHLAND sustained damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

    (a)    Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

    (b)    Economic loss including lost earning capacity and impaired earning capacity;

    (c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

    (d)    Emotional distress, mental anguish, fright and shock;

    (e)    Loss of enjoyment of life and embarrassment;

    (f)    Humiliation, sense of outrage and indignity;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



**DINGEMAN DANCER**
**& CHRISTOPHERSON** PLC

    (g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

    (h)    Any other and further relief that this Court deems just and proper.

## COUNT XI – BREACH OF IMPLIED WARRANTY
### (*Against Defendant BLACKTHORNE*)

103.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 102 as though fully set forth herein.

104.    By selling or offering the 50 Caliber Upper for sale, Defendant BLACKTHORNE impliedly warranted that the 50 Caliber Upper was of merchantable quality, fit for its intended use, and safe to persons, including Mr. BUHLAND, foreseeably affected by its use.

105.    The 50 Caliber Upper was used at all times material hereto without significant change from the condition in which it was sold by Defendant BLACKTHORNE despite the fact that it was not fit for its intended purpose and was not safe for foreseeable users.

106.    While Mr. BUHLAND was using the 50 Caliber Upper in accordance with Defendant BLACKTHORNE's instructions, the 50 Caliber Upper exploded as the Ammunition was being chambered.

107.    As a direct and proximate result of the breach of the implied warranties by Defendant BLACKTHORNE, Mr. BUHLAND sustained damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON P.L.C.

(a)     Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)     Economic loss including lost earning capacity and impaired earning capacity;

(c)     Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)     Emotional distress, mental anguish, fright and shock;

(e)     Loss of enjoyment of life and embarrassment;

(f)     Humiliation, sense of outrage and indignity;

(g)     Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)     Any other and further relief that this Court deems just and proper.

## <u>COUNT XII – BREACH OF IMPLIED WARRANTY</u>
### (*Against Defendant DPMS*)

108.     Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 107 as though fully set forth herein.

109.     By selling or offering the AR 15 Lower for sale, Defendant DPMS impliedly warranted that the AR 15 Lower was of merchantable quality, fit for its intended use, and safe to persons, including Mr. BUHLAND, foreseeably affected by its use.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON ₚₗc

110.   The AR 15 Lower was used at all times material hereto without significant change from the condition in which it was sold by Defendant DPMS despite the fact that it was not fit for its intended purpose and was not safe for foreseeable users.

111.   While Mr. BUHLAND was using the AR 15 Lower in accordance with Defendant DPMS's instructions, the AR 15 Lower exploded as the ammunition was being chambered.

112.   As a direct and proximate result of the breach of the implied warranties by Defendant DPMS, Mr. BUHLAND sustained damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a)   Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)   Economic loss including lost earning capacity and impaired earning capacity;

(c)   Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)   Emotional distress, mental anguish, fright and shock;

(e)   Loss of enjoyment of life and embarrassment;

(f)   Humiliation, sense of outrage and indignity;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

(g)    Other damages, injuries and consequences that are not

yet ascertained or that may occur in the future; and

(h)    Any other and further relief that this Court deems just and

proper.

## COUNT XIII – BREACH OF EXPRESS WARRANTY
### (*Against Defendant CARTRIDGE*)

113.    Plaintiff adopts by reference each and every allegation set forth in

paragraphs 1 through 112 as though fully set forth herein.

114.    Defendant CARTRDIGE, by its acts and those of its agents,

expressly warranted that the Ammunition was safe and fit for its intended or proper

uses when in fact it was not safe.

115.    At all times mentioned in this Complaint, express warranties were

made, and relied upon by Mr. BUHLAND, as to the following material facts regarding

the quality and character of the Ammunition:

- "reliable feeding;"

- "great ballistics;"

- "produced by Lake City Arsenal to Nato specifications;"

- "specifically for target shooting, training and practice;"

- "new production;"

- "non-corrosive;"

- "boxer-primed;"

- "reloadable brass cases."

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

116.    While Mr. BUHLAND was using the Ammunition in accordance with Defendant CARTRIDGE's instructions, the Ammunition exploded as it was being chambered.

117.    As a direct and proximate result of the breach of such express warranties by Defendant CARTRIDGE, Mr. BUHLAND sustained damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

    (a)    Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

    (b)    Economic loss including lost earning capacity and impaired earning capacity;

    (c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

    (d)    Emotional distress, mental anguish, fright and shock;

    (e)    Loss of enjoyment of life and embarrassment;

    (f)    Humiliation, sense of outrage and indignity;

    (g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

    (h)    Any other and further relief that this Court deems just and proper.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON pllc

## COUNT XIV – BREACH OF EXPRESS WARRANTY
### *(Against Defendant ARMORY)*

118.   Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 117 as though fully set forth herein.

119.   Defendant ARMORY, by its acts and those of its agents, expressly warranted that the Ammunition was safe and fit for its intended or proper uses when in fact it was not safe.

120.   At all times mentioned in this Complaint, express warranties were made, and relied upon by Mr. BUHLAND, as to the following material facts regarding the quality and character of the Ammunition:

- "reliable feeding;"
- "great ballistics;"
- "produced by Lake City Arsenal to Nato specifications;"
- "specifically for target shooting, training and practice;"
- "new production;"
- "non-corrosive;"
- "boxer-primed;"
- "reloadable brass cases."

121.   While Mr. BUHLAND was using the Ammunition in accordance with Defendant ARMORY's instructions, the Ammunition exploded as it was being chambered.

122.   As a direct and proximate result of the breach of such express warranties by Defendant ARMORY, Mr. BUHLAND sustained damages in a sum that

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON nc

cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

    (a)    Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

    (b)    Economic loss including lost earning capacity and impaired earning capacity;

    (c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

    (d)    Emotional distress, mental anguish, fright and shock;

    (e)    Loss of enjoyment of life and embarrassment;

    (f)    Humiliation, sense of outrage and indignity;

    (g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

    (h)    Any other and further relief that this Court deems just and proper.

### COUNT XV – BREACH OF EXPRESS WARRANTY
*(Against Defendant BLACKTHORNE)*

123.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 122 as though fully set forth herein.

124.    Defendant BLACKTHORNE, by its acts and those of its agents, expressly warranted that the 50 Caliber Upper was safe and fit for its intended or proper use when in fact it was not safe.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

125.    At all times mentioned in this Complaint, express warranties were made, and relied upon by Mr. BUHLAND, as to the following material facts regarding the quality and character of the 50 Caliber Upper:

- "This upper, manufactured by Blackthorne Products, is designed to fit a standard Mil Spec AR15 lower;"

- "Simply remove the bolt catch, buffer and spring from your lower and install this single shot 50 BMG Caliber upper;"

- "The barrel muzzle is threaded 1-12 TPI and features a recoil reducing muzzle brake;"

- "This muzzle brake is machined from bar stock and is so effective it reduces the recoil to that of a 12 ga. Shotgun;"

- "The upper receiver is machined from ONE PIECE of bar stock, no castings or weldments here!;"

- "The Chrome moly 4140 steel is heat treated to Rc 44 and coated in a fine manganese phosphate finish for corrosion protection and good looks;"

- "The upper receiver is topped with an M1913 Picatinny scope rail with oversized heat treated socket head cap screws for no-movement and easy scope mounting;"

- "The massive bolt head is of a 2 lug design, with a 90 degree throw;"

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

- "This bolt is machined from bar stock, like all the major components of this upper, from 4140 chrome moly steel and heat treated to Rc 44;"

- "It has an integral extractor and ejector and incorporates important safety features such as gas vents and hammer blocking cam to ensure safe operation;"

- "The lower half, scope, and bipod are NOT included, just the upper assembly."

- "This system uses a standard mil spec hammer and hammer spring;"

- "Like all of our AR parts kits, this is Made in USA by Blackthorne Products."

126.   While Mr. BUHLAND was using the 50 Caliber Upper in accordance with Defendant BLACKTHORNE's instructions, the 50 Caliber Upper exploded as the Ammunition was being chambered.

127.   As a direct and proximate result of the breach of such express warranties by Defendant BLACKTHORNE, Mr. BUHLAND sustained damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a)   Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)   Economic loss including lost earning capacity and impaired earning capacity;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

(c)     Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)     Emotional distress, mental anguish, fright and shock;

(e)     Loss of enjoyment of life and embarrassment;

(f)     Humiliation, sense of outrage and indignity;

(g)     Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)     Any other and further relief that this Court deems just and proper.

## COUNT XVI – BREACH OF EXPRESS WARRANTY
*(Against Defendant DPMS)*

128.   Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 127 as though fully set forth herein.

129.   Defendant DPMS, by its acts and those of its agents, expressly warranted the AR 15 Lower was safe and fit for its intended or proper use when in fact it was not safe.

130.   At all times mentioned in this Complaint, express warranties were made, and relied upon by Mr. BUHLAND, as to the following material facts regarding the quality and character of the AR 15 Lower:

- "DPMS Panther Arms, the second largest manufacturer of AR-15 rifles, specializes in producing quality, hand crafted, American made, black rifles;"

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON n.c

- "We focus on precision – in manufacturing and marksmanship – and strive to create them most accurate rifles on the planet;"

- "The weapons and patented AR-15 parts and AR-15 accessories that DPMS designs and manufactures are in use around the world by law enforcement agencies, military personnel, big game hunters and world-class competition shooters;"

- "Regardless of what you may be hunting, DPMS has the weapon you need with the accuracy you demand;"

- "When you need a replacement or building your own AR-15, the high quality DPMS AR-15 lower receivers are some of the most revered;"

- "Forged from aircraft quality aluminum and Teflon coated, it will handle any form of beating or harsh weather;"

- "Perfect for those looking to replace their old receiver, or looking to build a DPMS rifle or carbine from scratch."

131.   While Mr. BUHLAND was using the AR 15 Lower in accordance with Defendant DPMS's instructions, the AR 15 Lower exploded as the Ammunition was being chambered.

132.   As a direct and proximate result of the breach of such express warranties by Defendant DPMS, Mr. BUHLAND sustained damages in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON, PLC

(a)     Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)     Economic loss including lost earning capacity and impaired earning capacity;

(c)     Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)     Emotional distress, mental anguish, fright and shock;

(e)     Loss of enjoyment of life and embarrassment;

(f)     Humiliation, sense of outrage and indignity;

(g)     Other damages, injuries and consequences that are not yet ascertained or that may occur in the future; and

(h)     Any other and further relief that this Court deems just and proper.

## COUNT XVII – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
### (Against Defendant CARTRIDGE)

133.     Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 132 as though fully set forth herein.

134.     By engaging in the actions set forth herein including, but not limited to, the breach of one or more implied and/or express warranties, CARTRIDGE has engaged in unfair trade practices in violation of the Michigan Consumer Protection Act, MCL § 445.903 (c), (d), (e), (s), (y), (bb) and (cc), which entitles Mr. BUHLAND to attorney fees pursuant to MCL § 445.911(2).

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON P.C.

135.   As a direct and proximate result of CARTRIDGE's violation of the Michigan Consumer Protection Act, Mr. BUHLAND has been damaged in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

    (a)    Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

    (b)    Economic loss including lost earning capacity and impaired earning capacity;

    (c)    Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

    (d)    Emotional distress, mental anguish, fright and shock;

    (e)    Loss of enjoyment of life and embarrassment;

    (f)    Humiliation, sense of outrage and indignity;

    (g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future;

    (h)    Attorney fees pursuant to MCL § 445.911(2); and

    (i)    Any other and further relief that this Court deems just and proper.

## COUNT XVIII – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
### (Against Defendant ARMORY)

136.   Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 135 as though fully set forth herein.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

137.   By engaging in the actions set forth herein including, but not limited to, the breach of one or more implied and/or express warranties, ARMORY has engaged in unfair trade practices in violation of the Michigan Consumer Protection Act, MCL § 445.903 (c), (d), (e), (s), (y), (bb) and (cc), which entitles Mr. BUHLAND to attorney fees pursuant to MCL § 445.911(2).

138.   As a direct and proximate result of ARMORY's violation of the Michigan Consumer Protection Act, Mr. BUHLAND has been damaged in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

 (a) Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

 (b) Economic loss including lost earning capacity and impaired earning capacity;

 (c) Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

 (d) Emotional distress, mental anguish, fright and shock;

 (e) Loss of enjoyment of life and embarrassment;

 (f) Humiliation, sense of outrage and indignity;

 (g) Other damages, injuries and consequences that are not yet ascertained or that may occur in the future;

 (h) Attorney fees pursuant to MCL § 445.911(2); and

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



**DINGEMAN DANCER & CHRISTOPHERSON**ᴘʟᴄ

(i)      Any other and further relief that this Court deems just and

proper.

## COUNT XIX – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
*(Against Defendant BLACKTHORNE)*

139.    Plaintiff adopts by reference each and every allegation set forth in

paragraphs 1 through 138 as though fully set forth herein.

140.    By engaging in the actions set forth herein including, but not

limited to, the breach of one or more implied and/or express warranties,

BLACKTHORNE has engaged in unfair trade practices in violation of the Michigan

Consumer Protection Act, MCL § 445.903 (c), (d), (e), (s), (y), (bb) and (cc), which

entitles Mr. BUHLAND to attorney fees pursuant to MCL § 445.911(2).

141.    As a direct and proximate result of BLACKTHORNE's violation of

the Michigan Consumer Protection Act, Mr. BUHLAND has been damaged in a sum

that cannot be precisely ascertained at this time, which sum includes, but is not

limited to, the following:

(a)      Expenses incurred for Mr. BUHLAND's past and future

medical care and treatment;

(b)      Economic loss including lost earning capacity and

impaired earning capacity;

(c)      Damages associated with Mr. BUHLAND's severe and

excruciating physical pain and suffering from disabling and

disfiguring injuries to his face, neck, chest, arms and

hands;

(d)      Emotional distress, mental anguish, fright and shock;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504
www.ddc-law.com

37



DINGEMAN DANCER
& CHRISTOPHERSON P.C.

(e)    Loss of enjoyment of life and embarrassment;

(f)    Humiliation, sense of outrage and indignity;

(g)    Other damages, injuries and consequences that are not yet ascertained or that may occur in the future;

(h)    Attorney fees pursuant to MCL § 445.911(2); and

(i)    Any other and further relief that this Court deems just and proper.

### COUNT XX – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT
*(Against Defendant DPMS)*

142.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 141 as though fully set forth herein.

143.    By engaging in the actions set forth herein including, but not limited to, the breach of one or more implied and/or express warranties, DPMS has engaged in unfair trade practices in violation of the Michigan Consumer Protection Act, MCL § 445.903 (c), (d), (e), (s), (y), (bb) and (cc), which entitles Mr. BUHLAND to attorney fees pursuant to MCL § 445.911(2).

144.    As a direct and proximate result of DPMS's violation of the Michigan Consumer Protection Act, Mr. BUHLAND has been damaged in a sum that cannot be precisely ascertained at this time, which sum includes, but is not limited to, the following:

(a)    Expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

(b)    Economic loss including lost earning capacity and impaired earning capacity;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com



**DINGEMAN DANCER**
**&CHRISTOPHERSON** ᴘʟᴄ

148.    Defendant CARTRIDGE willfully and wantonly failed to warn of the defects in the Ammunition, which defects Defendant knew of, or in the exercise of reasonable care should have known of, prior to the incident described in this Complaint.

149.    Defendant CARTRIDGE willfully and wantonly failed to investigate and recall the Ammunition when Defendant knew of one or more prior similar occurrences in which the Ammunition had exploded or burst during normal use.

150.    While Mr. BUHLAND was using the Ammunition in accordance with Defendant CARTRIDGE's instructions, the Ammunition exploded as it was being chambered.

151.    As a direct and proximate result of Defendant CARTRIDGE's willful, reckless and wanton conduct, Mr. BUHLAND sustained the injuries and damages described hereinabove.

152.    Mr. BUHLAND's injuries were the direct and proximate result of Defendant CARTRIDGE's willful, reckless and malicious conduct in connection with the design, development, testing, manufacture, assembly, inspection, investigation, packaging, repair, labeling, marketing, promotion, advertising, sale and distribution of the Ammunition and CARTRIDGE's failure to use adequate measures to warn, investigate, recall or retrofit the Ammunition.

## COUNT XXII – EXEMPLARY / PUNITIVE DAMAGES
### (*Against Defendant ARMORY*)

153.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 152 as though fully set forth herein.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

154.   Defendant ARMORY willfully and wantonly failed to fully investigate the causes of prior similar occurrences involving other ammunition that had exploded or burst during normal use.

155.   Defendant ARMORY willfully and wantonly continued to repair, promote, advertise, sell and distribute the Ammunition when Defendant knew, or in the exercise of reasonable care should have known, that the Ammunition might or could explode during normal use.

156.   Defendant ARMORY willfully and wantonly failed to warn of the defects in the Ammunition, which defects Defendant knew of, or in the exercise of reasonable care should have known of, prior to the incident described in this Complaint.

157.   Defendant ARMORY willfully and wantonly failed to investigate and recall the Ammunition when Defendant knew of one or more prior similar occurrences in which the Ammunition had exploded or burst during normal use.

158.   While Mr. BUHLAND was using the Ammunition in accordance with Defendant ARMORY's instructions, the Ammunition exploded as it was being chambered.

159.   As a direct and proximate result of Defendant ARMORY's willful, reckless and wanton conduct, Mr. BUHLAND sustained the injuries and damages described hereinabove.

160.   Mr. BUHLAND's injuries were the direct and proximate result of Defendant ARMORY's willful, reckless and malicious condcut in connection with the inspection, repair, promotion, advertising, labeling, sale and distribution of the

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

(c)     Damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

(d)     Emotional distress, mental anguish, fright and shock;

(e)     Loss of enjoyment of life and embarrassment;

(f)     Humiliation, sense of outrage and indignity;

(g)     Other damages, injuries and consequences that are not yet ascertained or that may occur in the future;

(h)     Attorney fees pursuant to MCL § 445.911(2); and

(i)     Any other and further relief that this Court deems just and proper.

### COUNT XXI – EXEMPLARY / PUNITIVE DAMAGES
*(Against Defendant CARTRIDGE)*

145.   Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 144 as though fully set forth herein.

146.   Defendant CARTRIDGE willfully and wantonly failed to fully investigate the causes of prior similar occurrences involving other ammunition that had exploded or burst during normal use.

147.   Defendant CARTRIDGE willfully and wantonly continued to develop, manufacture, assemble, package, repair, label, market, promote, advertise, sell and distribute the Ammunition when Defendant knew, or in the exercise of reasonable care should have known, that the Ammunition might or could explode during normal use.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

ammunition and ARMORY's failure to use adequate measures to warn, investigate
and recall or retrofit the ammunition.

## COUNT XXIII – EXEMPLARY / PUNITIVE DAMAGES
### (Against Defendant BLACKTHORNE)

161.    Plaintiff adopts by reference each and every allegation set forth in
paragraphs 1 through 160 as though fully set forth herein.

162.    Defendant BLACKTHORNE willfully and wantonly failed to fully
investigate the cause of prior similar occurrences involving other 50 caliber uppers
that exploded or burst during normal use or were involved with ammunition that
misfired or exploded.

163.    Defendant BLACKTHORNE willfully and wantonly continued to
develop, manufacture, assemble, repair, package, label, market, promote, advertise,
sell and distribute the 50 Caliber Upper when Defendant knew, or in the exercise of
reasonable care should have known, that the 50 Caliber Upper might or could
explode, burst or cause ammunition to misfire or explode during its normal use.

164.    Defendant BLACKTHORNE willfully and wantonly failed to
investigate and recall the 50 Caliber Upper when Defendant knew of one or more
prior similar occurrences in which the 50 Caliber Upper had exploded, burst or had
been involved with ammunition that misfired or exploded during its normal use.

165.    Defendant BLACKTHORNE willfully and wantonly failed to warn
of the defects in the 50 Caliber Upper, which defects Defendant knew of, or in the
exercise of reasonable care should have known of, prior to the incident described in
this Complaint.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



**DINGEMAN DANCER & CHRISTOPHERSON** PLC

166.    While Mr. BUHLAND was using the 50 Caliber Upper in accordance with Defendant BLACKTHORNE's instructions, the 50 Caliber Upper exploded as the Ammunition was being chambered.

167.    As a direct and proximate result of Defendant BLACKTHORNE's willful, reckless and wanton conduct, Mr. BUHLAND sustained the injuries and damages described hereinabove.

168.    Mr. BUHLAND's injuries were the direct and proximate result of Defendant BLACKTHORNE's willful, reckless and malicious conduct in connection with the development, manufacture, assembly, repair, packaging, labeling, marketing, promoting, advertising, selling and distribution of the 50 Caliber Upper and BLACKTHORNE's failure to use adequate measures to investigate and recall or retrofit the 50 Caliber Upper.

### COUNT XXIV – EXEMPLARY / PUNITIVE DAMAGES
*(Against Defendant DPMS)*

169.    Plaintiff adopts by reference each and every allegation set forth in paragraphs 1 through 168 as though fully set forth herein.

170.    Defendant DPMS willfully and wantonly failed to fully investigate the cause of prior similar occurrences involving other AR 15 Lowers that exploded or burst during normal use or were involved with ammunition that misfired or exploded.

171.    Defendant DPMS willfully and wantonly continued to develop, manufacture, assemble, repair, package, label, market, promote, advertise, sell and distribute the AR 15 Lower when Defendant knew, or in the exercise of reasonable care should have known, that the AR 15 Lower might or could explode, burst or cause ammunition to misfire or explode during its normal use.

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504
www.ddc-law.com

43



DINGEMAN DANCER
& CHRISTOPHERSON PLC

172.    Defendant DPMS willfully and wantonly failed to investigate and recall the AR 15 Lower when Defendant knew of one or more prior similar occurrences in which the AR 15 Lower had exploded, burst or had been involved with ammunition that misfired or exploded during its normal use.

173.    Defendant DPMS willfully and wantonly failed to warn of the defects in the AR 15 Lower, which defects Defendant knew of, or in the exercise of reasonable care should have known of, prior to the incident described in this Complaint.

174.    While Mr. BUHLAND was using the AR 15 Lower in accordance with Defendant DPMS's instructions, the AR 15 Lower exploded as the Ammunition was being chambered.

175.    As a direct and proximate result of Defendant DPMS's willful, reckless and wanton conduct, Mr. BUHLAND sustained the injuries and damages described hereinabove.

176.    Mr. BUHLAND's injuries were the direct and proximate result of Defendant DPMS's willful, reckless and malicious conduct in connection with the development, manufacture, assembly, repair, packaging, labeling, marketing, promoting, advertising, selling and distribution of the AR 15 Lower and DPMS's failure to use adequate measures to investigate and recall or retrofit the AR 15 Lower.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff JONATHAN BUHLAND suffered serious and permanent injuries when a gun and/or ammunition exploded in his face on June 6,

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504

www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

2011, and Defendants FEDERAL CARTRIDGE COMPANY, INC., PALMETTO STATE ARMORY, LLC, BLACKTHORNE PRODUCTS, LLC, and DPMS FIREARMS, LLC, as the producers and distributors of the defective gun and/or ammunition, are liable for the injuries suffered by Mr. BUHLAND, who hereby prays for judgment against all Defendants jointly and severally, in such amounts in excess of $75,000, plus interest, costs and attorney fees, as Mr. BUHLAND may be found to be entitled including, but not limited to, the following:

**ON ALL COUNTS:**

    (a)    Pecuniary damages for expenses incurred for Mr. BUHLAND's past and future medical care and treatment;

    (b)    Pecuniary damages for economic loss including lost earning capacity and impaired earning capacity;

    (c)    Nonpecuniary damages associated with Mr. BUHLAND's severe and excruciating physical pain and suffering from disabling and disfiguring injuries to his face, neck, chest, arms and hands;

    (d)    Nonpecuniary damages including emotional distress, mental anguish, fright and shock;

    (e)    Nonpecuniary damages including loss of enjoyment of life and embarrassment;

    (f)    Exemplary damages including humiliation, sense of outrage and indignity;

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



DINGEMAN DANCER
& CHRISTOPHERSON PLC

(g)     Other damages, injuries and consequences that are not

yet ascertained or that may occur in the future; and

(h)     Any other and further relief that this Court deems just and

proper.

## ON COUNTS XVII – XX

(h)     All relief available under the Michigan Consumer

Protection Act including, but not limited to, Mr.

BUHLAND's attorney fees.

## ON COUNTS XX – XXIV

(i)     Exemplary or punitive damages.


                                    DINGEMAN, DANCER &
                                    CHRISTOPHERSON, P.L.C.


Dated: March 13, 2012          By:  _____
                                    Mark R. Dancer (P47614)
                                    Brace E. Kern (P75695)
                                    Attorneys for Plaintiff
                                    100 Park Street
                                    Traverse City, MI  49684
                                    MDancer@ddc-law.com
                                    BKern@ddc-law.com
                                    (231) 929-0500

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
fax 231 929 0504
www.ddc-law.com



**DINGEMAN DANCER**
**& CHRISTOPHERSON** PLC

## JURY DEMAND

Plaintiff JONATHAN BUHLAND, by and through his attorneys, Dingeman, Dancer & Christopherson, PLC, does hereby demand a trial by jury in the above-entitled matter.

DINGEMAN, DANCER &
CHRISTOPHERSON, P.L.C.

Dated: March 13, 2012          By: _____

Mark R. Dancer (P47614)
Brace E. Kern (P75695)
Attorneys for Plaintiff
100 Park Street
Traverse City, MI  49684
MDancer@ddc-law.com
BKern@ddc-law.com
(231) 929-0500

S:\MRD\BUHLAND, JONATHAN 2920\PLEADINGS\Buhland Complaint - FINAL.docx

100 Park Street
Traverse City, MI 49684
231 929 0500
800 626 0050
*fax* 231 929 0504

www.ddc-law.com